IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

PATRICK ROBINSON,                         )
                                          )
            Petitioner,                   )
                                          )
                                          )       CIV-15-548-HE
v.                                        )
                                          )
ROBERT C. PATTON, Director,               )
                                          )
            Respondent.                   )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Murder in

the First Degree (felony murder) after three prior felony convictions and Conspiracy to

Distribute a Controlled Dangerous Substance after three prior felony convictions entered against

him in the District Court of Jackson County, Case No. CF-2009-155.[1] Respondent has moved

to dismiss the Petition for failure to exhaust state court remedies. The matter has been referred

to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §

636(b)(1)(B). For the following reasons, it is recommended that the Motion to Dismiss be

denied.

_____

[1]Petitioner was sentenced to serve a term of life imprisonment for the murder conviction and
a consecutive 15-year term of imprisonment for the conspiracy conviction.

1

I. Exhaustion of State Remedies

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court, or demonstrate that there is an absence of available state remedies or that circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(exhaustion requirement is satisfied when state prisoner has given state courts an opportunity to act on his claims before he presents those claims to federal court in habeas petition).

"For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Prendergast v. Clements, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). Where a habeas petitioner has not exhausted available state remedies, "[g]enerally a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006).

II. Analysis

In his Petition, Petitioner asserts four grounds for habeas relief. In ground one, Petitioner asserts that his right to equal protection was violated by selective prosecution. Petitioner did not

raise this claim in his direct appeal.[2]  However, Petitioner raised the claim in a post-conviction

application he filed in the trial court, and the district court denied the claim on its merits. See

Petition, Ex. 1 (State of Oklahoma v. Patrick Robinson, Case No. CF-2009-155, Order Denying

Application for Post-Conviction Relief). On appeal, the Oklahoma Court of Criminal Appeals

("OCCA") affirmed the district court's decision. See Petition, Ex. 2 (Patrick Robinson v. State

of Oklahoma, No. PC-2014-0103 (Okla. Crim. App. Mar. 27, 2014)).

In ground two, Petitioner contends he was denied effective assistance of trial counsel

because his attorney did not assert selective prosecution as a defense to the charges.  Petitioner

did not raise this claim in his direct appeal.   However, Petitioner asserted the claim in his post-

conviction application, and the district court denied the claim on its merits.  The OCCA affirmed

this decision.

In ground three, Petitioner contends that he was denied effective assistance of appellate

counsel because his appellate counsel failed to raise the claims asserted in grounds one and two.

Petitioner raised this claim in his post-conviction application, and the district court denied the

claim.  The OCCA affirmed the district court's decision.

In ground four, Petitioner contends that prosecutorial misconduct denied him a fair trial

---

[2]Petitioner asserted in his direct appeal (1) that his first degree felony murder conviction was
not supported by the evidence because there was insufficient evidence to prove a nexus between the
underlying felony found by the jury and the homicide; (2) that the trial court imposed a sentence
without ordering a presentence investigation and obtaining a presentence report from that
investigation; and (3) that the trial court's decision to run Petitioner's sentences consecutively
resulted in a *de facto* sentence of life without the possibility of parole.  Brief in Support of Motion
to Dismiss, Ex. 1 (Brief of Appellant).  The Oklahoma Court of Criminal Appeals issued a summary
opinion on December 6, 2012, rejecting each of these claims.  Brief in Support of Motion to
Dismiss, Ex. 4 (Summary Opinion).

because the "state prosecutors" tampered with a witness, Mr. Dorsey, by "bribing him into providing false testimony against petitioner in order to give him a deal [and] unlawfully approached the witness without witness['s] attorney present." Petition, at 6. Petitioner admits that he has not raised this claim in state court post-conviction proceedings because the "[w]itness has just came forth [sic] with this information and is willing to give his testimony." Id.

Respondent has moved to dismiss the Petition on the ground that Petitioner has failed to exhaust available state remedies concerning all of the claims asserted in the Petition. Specifically, Respondent contends that Petitioner has not exhausted the prosecutorial misconduct/witness tampering claim asserted in ground four of the Petition. Petitioner has the burden of proving that he exhausted state court remedies or that exhaustion would be futile. Selsor v. Workman, 644 F.3d 984 (10th Cir. 2011).

In response to Respondent's Motion to Dismiss, Petitioner concedes that he has not exhausted the claim asserted in ground four of the Petition and states that he "would like to proceed with all the grounds previously presented with the exception of Ground IV." Petitioner's Supplement to Motion to Alter or Amend Judgment ("Response"). In the case of a mixed petition containing both exhausted and unexhausted habeas claims, the reviewing court may, of course, "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims . . . ." Rhines v. Weber, 544 U.S. 269, 278 (2005).

In his Response to the Motion to Dismiss, Petitioner has clearly expressed his desire to amend the Petition in order to dismiss the unexhausted claim asserted in ground four of the Petition. Petitioner's request to amend his Petition should be granted. Because the amended

Petition would present only exhausted claims, Respondent's Motion to Dismiss the Petition due to Petitioner's failure to exhaust state remedies only as to ground four should be denied.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss for Failure to Exhaust State Court Remedies (Doc. # 9) be DENIED, that Petitioner's request to amend the Petition to dismiss the unexhausted claim asserted in ground four should be granted, and Respondent be directed to respond to the merits of Petitioner's three remaining, exhausted claims. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by _____ July 30th, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __10th__ day of __July__, 2014.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE