# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK ROBINSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) NO. CIV-14-0548-HE |
| ROBERT C. PATTON, Director, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Petitioner Patrick Robinson, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell, who recommends that the petition be denied. Petitioner has filed an objection and the court, after conducting a *de novo* review, concludes that petitioner is not entitled to habeas relief.

Petitioner was found guilty following a jury trial of murder in the first degree (felony murder) and conspiracy to distribute a controlled dangerous substance after three prior felony convictions.[1] He was sentenced on August 10, 2011, to life imprisonment on the murder conviction and 15 years imprisonment on the conspiracy conviction with the sentences to run consecutively.

---

[1] Petitioner was charged by amended information with murder in the first degree while in the commission of robbery with a dangerous weapon or, alternatively, murder in the first degree while in the attempted commission of distribution of crack cocaine, and conspiracy to commit robbery with a dangerous weapon or, alternatively, conspiracy to commit distribution of crack cocaine. Doc. #19-10.

Petitioner appealed the convictions with new court-appointed counsel to the Oklahoma Court of Criminal Appeals ("OCCA").  The OCCA affirmed the convictions and sentences.  About a year later petitioner sought post-conviction relief.  The state district court denied his application and the OCCA affirmed the decision on March 28, 2014.  He then filed this habeas action

Petitioner asserts three grounds for relief in his habeas petition – that he was denied equal protection because he was the victim of selective prosecution, that his trial counsel was ineffective because he did not assert that petitioner was the subject of selective prosecution, and that his appellate counsel was ineffective because he failed to raise on appeal that petitioner was the victim of selective prosecution and that his trial attorney was ineffective.  All three claims were exhausted as petitioner raised them in his post-conviction application.[2]

In his Supplemental Report and Recommendation, the magistrate judge determined that the first two grounds for relief were procedurally barred and that petitioner had failed to demonstrate the cause and prejudice or fundamental miscarriage of justice required to warrant habeas review of those defaulted claims.  He concluded the OCCA's decision that petitioner had not shown a denial of effective assistance of appellate counsel did not

---

[2]*Petitioner dismissed a fourth, unexhausted claim.*

conflict with or unreasonably apply the Strickland[3] standard.[4]

Petitioner filed an objection in which he raises arguments not alleged in his petition and not presented to the magistrate judge. He contends that, although he was convicted of murder in the first degree while in the attempted commission of distribution of crack cocaine, the statute he was convicted of violating, 21 Okla. Stat. § 701.7(B), does not prohibit murders resulting from the attempted dispensing of controlled dangerous substances. He also contends, as he did on direct appeal, that the evidence was insufficient to support the first degree felony murder conviction because the prosecution did not prove a nexus between the underlying felony and the death. The court will not consider these issues because petitioner failed to present them to the magistrate judge and "[i]n this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."[5] United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001). *Accord* Bahney v. Janecka, 365 Fed. Appx. 941, 943-44 (10th Cir. 2010) ("The district court's determination that the actual innocence claim, the Confrontation Clause claim, and the new ineffective assistance arguments were also waived (procedural) is not

---

[3]*Strickland v. Washington, 466 U.S. 668 (1984).*

[4]*Under the Antiterrorism and Effective Death Penalty Act of 1996, federal habeas relief may not be granted on the basis of a claim that the state court addressed on the merits unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d)(2).*

[5]*No compelling basis for their review has been shown.*

reasonably debatable . . . .").

Accordingly, the court agrees with the analysis of Magistrate Judge Purcell and **ADOPTS** his Supplemental Report and Recommendation. The petition for writ of habeas corpus is **DENIED**. The court also denies a certificate of appealability, as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 11th day of August, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE